No. 4448.—The State of Louisiana ex rel. George E. Bovee *v.* Franklin J. Herron.

Article 620 of the Code of Practice makes it obligatory upon the clerks of the district courts in cases where mandates and decrees from the Supreme Court have been presented for execution to at once, and without any order or decree from the judge *a quo*, issue the necessary process to execute the judgment of the Supreme Court. A refusal or failure on the part of the clerk to comply with this article of the Code of Practice in any case where he has been required to do so, will subject him to punishment for contempt by the Supreme Court, for disobedience to the mandates of the law.

Under this article of the Code of Practice the judge of the district court has nothing to do with the execution of the orders and decrees of the Supreme Court. Therefore, if a judge of a district court interferes with or obstructs, or hinders in any way, as judge, the execution of a judgment of the Supreme Court, he will be held guilty of a contempt of the authority of that court, and the plea of ignorance of the provisions of this article will not shield him from the penalties denounced against those who obstruct the execution of the mandates of this tribunal.

APPLICATION for a Writ of Mandamus. *John Ray*, for relator. *William A. Elmore*, Acting Judge, and *Edward T. Manning*, Acting Clerk, respondents. *W. W. King* and *John H. New*, for W. A. Elmore.

Ludeling, C. J. A rule for contempt has been asked for against Wm. A. Elmore, acting judge of the Eighth District Court of the parish of Orleans, and Edward T. Manning, acting clerk of said court, based on the following averments, which are sworn to by the relator,

George E. Bovee, to wit: That a judgment was rendered by this court in the case entitled The State of Louisiana ex rel. George E. Bovee *v.* Franklin J. Herron, No. 3969, which became final by agreement of the parties, filed on the third of December, 1872; that, on motion of the relator, it was ordered by this court that the clerk do issue the mandate of this court in said cause forthwith; that the mandate of this court was issued, and was presented to said Edward T. Manning, acting clerk in the court in which the said case was originally tried and from which the appeal was taken, and that he was requested and required to file and record the mandate, and to issue the process necessary to cause said judgment to be enforced. That said Manning filed the judgment, with a copy of the agreement of the parties and the order of the Supreme Court thereon, but refused to issue the necessary writ to cause the judgment to be executed, in contempt of the authority of this court and in disregard of the law, alleging that he was prohibited by the said William A. Elmore from doing so. The answer of William A. Elmore is as follows:

"That on the fourth day of December instant, on the opening of the Eighth District Court, over which he was then presiding, John Ray, Esq., presented to the court a motion requesting that the judgment of the Supreme Court, rendered in the case of the State of Louisiana ex rel. George E. Bovee *v.* F. J. Herron, "be filed, recorded and rendered executory, and that a writ issue to the civil sheriff of the parish of Orleans to cause said judgment to be executed," etc. "That upon examining said judgment of the Supreme Court, the respondent discovered that the judgment had been rendered by the Supreme Court on the second instant. As by law that judgment could not be final or executory until after the lapse of six judicial days, when but one had passed, he refused to grant the said motion.

"Before the said motion was made the clerk of the court asked the respondent what he should do in the premises, the judgment of the Supreme Court having been previously handed to him by counsel for Bovee. Respondent instructed him not to issue any writ of possession without consulting the court.

"On the fifth instant, at about twelve o'clock, the clerk of the court came to respondent and informed him Mr. Ray, counsel for Bovee, relator, wanted him to issue a writ of possession in favor of said Bovee *v.* F. J. Herron, in said case of State ex rel. Bovee *v.* Herron. The clerk also presented at the same time the judgment of the Supreme Court in the case and the order of the Supreme court made on the fifth instant. Both hereto annexed, marked A B. Upon examining said papers respondent discovered that a certificate of the clerk of the Supreme Court had been added to the judgdment of the Supreme Court, to the effect that the parties to the suit of the State ex rel.

Bovee v. Herron had waived the legal delays necessary to make the said judgment final. This certificate had been added to the judgment subsequent to the time when the judgment was presented to respondent's court. Respondent also observed that an order of the Supreme Court had been obtained, upon consent of parties waiving the six days' delay allowed by law to render the decision final. The clerk desired advice of respondent as to the issuing of a writ of possession to said Bovee, under the judgment of the Supreme Court.

" Respondent instructed him not to issue the said writ, as the judgment of the Supreme Court had not been recorded according to law.

" At the time the judge thus consulted respondent, he exhibited to respondent the order of the Supreme Court, dated December 5, 1872, hereto annexed, marked B. This order required the clerk of the Supreme Court to issue to plaintiff a copy of the mandate of the court. Your respondent considers that the mandate could only be properly issued by that clerk after said order of the Supreme Court had been given. No such copy accompanied the said order or was exhibited. The only one exhibited was dated December second, and was issued as your respondent believes illegally, and did not authorize the recording and executing the judgment. Respondent further states that when the clerk of the district court consulted him as above stated, on the fifth of December, it was after the court had adjourned, on motion of J. B. Howard, Esq., an attorney at law, as an evidence of respect to the late Horace Greeley. That no order of court could then be given in the premises on account of said adjournment. No application other than the one already mentioned on the third of December, was made to respondent's suit. Respondent here states that if an application had been made to his court, in conformity with the order rendered by the Supreme Court, at any time, he would have promptly complied with the same.

" And further answering, respondent disclaims all idea of any intended disrespect of the Supreme Court or any member or officer thereof, but says he acted under his convictions of his duty in the premises. If he erred in his instructions and advice to the clerk of this court, he will cheerfully abide the opinion of this honorable court, and endeavor to perform his duty in obedience thereto. All of which is respectfully submitted, with the prayer that he be discharged."

The answer of Edward T. Manning is, "that he was instructed by his Honor Judge Elmore, to whom he applied for information, when John Ray, Esq., demanded a writ of possession on a mandate of this honorable court, that it was not proper or legal to give the same until the mandate of the Supreme Court was spread upon the minutes of the District Court, by motion in open court, and as this had not been done in the case in question, respondent declined to accede to the request

of the said attorney. Respondent respectfully disclaims any intention of disobeying any decree or order of this honorable court, which at all times he is ready and prompt to obey."

The affidavit of Mr. Ray, filed in this case, discloses the following facts: That on the third of December, 1872, he obtained a copy of the opinion of the Supreme Court in the above entitled case and presented it to the Minute Clerk of the Eighth District Court of the parish of Orleans, and requested him to file and record it, and to issue the necessary writ to the sheriff to have the same executed. The clerk filed the copy of the judgment, but declined to issue the writ, saying he wished me to get the order of the court to issue such writ. I told him that it was not necessary, but he persisted. The next morning, upon the opening of the Eighth District Court, I presented a motion to the court with the copy of the judgment of the Supreme Court, and asked that the same be filed and recorded, and that the necessary writ be issued to have the same executed, when the judge refused to make the order, saying there was no evidence that the delay for an application for a rehearing had expired.

I then obtained a copy of the agreement of the parties to the suit waiving the time for applying for a rehearing, and also a copy of the order of the Supreme Court directing the clerk of the Supreme Court to issue the mandate in this case. I then took the said mandate, copy of agreement between the parties, and order of the Supreme Court and presented them to —— Manning, clerk of the Eighth District Court, on the fifth instant, and requested, and directed him to file and record the same and to issue the requisite writ to cause said judgment to be executed. He said he would have to see the judge first. I referred him to the articles 618, 619 and 620 of the Revised Code of Practice, and read them to him. I requested him to show this law to the judge and gave him the book to do so. He went into an adjoining room, and after an absence of about five minutes returned, saying to me the judge said he might file the papers, but had forbid him from issuing any writ to execute the judgment until ordered by him to do so. He filed the above documents, but refused to do more, saying I must get an order of the court before he could do anything further. I then told him I would resort to the legal remedies for redress of my client, and he said " very well."

From the foregoing statements a disposition to obstruct the execution of the mandate of this court in that case is clearly manifest. It is unusual for the judge a quo to require other evidence of the finality of a judgment of this court than the copy of the mandate properly certified by the clerk to be a true and correct copy. There is no other evidence than that required by law. If it could be presumed that the clerk had violated the law and his duty by issuing a mandate before

the judgment had become final, the party against whom the judgment was rendered would not be without his remedies to enforce his rights; and it was officious on the part of the judge *a quo* to assume to act in his interests. From the statements in argument of respondent's counsel it seems to be still the practice in this city to obtain an order from the court *a qua* to file, record, and render executory the mandates of this court—although the law does not require this—and the judge *a quo* should have made the order on the motion presented on the fourth of December. But, to satisfy the acting judge and clerk, the relator, through his attorney, obtained from this court an order which practically declared that the judgment in the case of Bovee *v.* Herron had become final, in consequence of the written agreement of the parties to that suit to waive the legal delays, by ordering the clerk to issue the mandate in said cause. He then presented to the said clerk copies of the mandate of this court of the agreement between the parties to the suit of Bovee *v.* Herron, waiving the legal delays and of the order of this court thereon, and directed the said clerk to record the mandate, and to issue the necessary process to place the relator in possession of his office. At the same time he directed the attention of the said clerk to the law, and read to him articles 618, 619 and 620 of the Revised Code of Practice. Article 620 declares that "this recording shall be directed to be made by the party wishing to make use of this judgment, but without any obligation on his part to give previous notice to the opposite party ; and the clerks of the district courts shall have the power to receive, file and record all mandates and decrees rendered by the Supreme Court, and to issue all legal process thereon."

It further appears that the clerk then took the documents above mentioned and the Code of Practice to the said judge, who instructed him not to issue any writ until the further order of the Eighth District Court. It was stated in argument that the judge had not had his attention called to article 620 of the Revised Code of Practice. Be that as it may, ignorance of the law is no excuse; but we can not presume that the learned judge was ignorant of a textual provision of the Code of Practice. It was also insisted in argument, and the same fact is relied on in the answer of the judge as a justification of his conduct, that no mandate of the Supreme Court was issued after the order of the fifth of December, and that the only copy of the mandate presented to the judge was the one issued on the third of December. No other copy was necessary. The mandate was properly issued, and the pains to which the relator unnecessarily put himself to satisfy the respondents did not necessitate any other copy of the mandate. It was a true copy; and even if it had been made prematurely (which however was not the case), still there could have been no good reason for requiring another copy. "*Lex neminem cogit ad vana, seu inutilia.*"

Both respondents have disclaimed any intentional disrespect to the Supreme Court or to any of the members thereof. We readily accord credence to this statement. But the facts disclosed in this case force upon our minds the conviction that the respondents have willfully obstructed the execution of the mandate of this court, in defiance of the law and in contempt of the authority of this court; and although we regret the necessity which constrains us to exercise the power conferred by law to vindicate our authority, yet we can not fail to exercise it in this case without a dereliction of duty. C. P. art. 131.

It is therefore ordered and adjudged that William A. Elmore, acting judge of the Eighth District Court of the parish of Orleans, be fined fifty dollars and be imprisoned in the parish jail ten days for a contempt of the authority of this court; and that Edward T. Manning be fined fifty dollars and be imprisoned five days in the parish jail for a contempt of the authority of this court; and that the respondents pay costs of these proceedings.

KENNARD, J., *dissenting.*